Docket No. 14-1481

# United States Court of Appeals
# for the Federal Circuit

---

### STATE OF VERMONT,
*Plaintiff-Appellee*

**v.**

### MPHJ TECHNOLOGY INVESTMENTS, LLC
*Defendant-Appellant*

---

## MPHJ TECHNOLOGY INVESTMENTS, LLC'S OPPOSITION TO THE STATE OF VERMONT'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

W. BRYAN FARNEY
STEVEN R. DANIELS
DAVID PAUL SWENSON
FARNEY DANIELS PC
800 South Austin Avenue, Suite 200
Georgetown, Texas 78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
BFarney@farneydaniels.com
SDaniels@farneydaniels.com
DSwenson@farneydaniels.com

*Counsel for Defendant-Appellant*

June 26, 2014

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................1

ARGUMENT ..............................................................................................2

I.     THE *RUHRGAS* AND RULE 11 ISSUES ARE INDEPENDENTLY
       REVIEWABLE ..................................................................................2

       A.     The *Ruhrgas* and Rule 11 Issues Are Distinct And Separable From
              The Remand Decision.................................................................3

       B.     The *Ruhrgas* And Rule 11 Issues Are Appealable As Final Or
              Under The Collateral Order Doctrine .......................................3

II.    THE DISTRICT COURT'S ABUSE OF DISCRETION IN DENYING
       MPHJ'S *RUHRGAS* MOTION TO FIRST DECIDE PERSONAL
       JURISDICTION IS APPEALABLE ...............................................4

       A.     The District Court's Decision To Decide Subject Matter Jurisdiction
              Prior To Personal Jurisdiction Was A Ruling..........................7

       B.     The District Court's Decision Is Not Intertwined With An
              Unreviewable Remand Order, And A Decision In MPHJ's Favor By
              This Court Would Not "Undo The Remand" .........................7

       C.     The Collateral Order Doctrine Gives This Court Jurisdiction Over
              MPHJ's Appeal Regarding The District Court's Abuse Of
              Discretion Under Ruhrgas ..................................................10

III.   THE DISTRICT COURT'S ABUSE OF DISCRETION IN DENYING
       MPHJ'S RULE 11 MOTION IS APPEALABLE........................12

       A.     The District Court Denied MPHJ's Motion...........................13

       B.     This Court Has Jurisdiction To Review The Denial Of The
              Sanctions Motion.................................................................13

              1.     A Denial Of The Sanctions Motion Is Appealable Under The
                     Collateral Order Doctrine............................................14

              2.     A Review Of The Denial Of MPHJ's Motion Would Not
                     Require A Review Of The Merits Of The State's Complaint........16

3.   Dismissal As A Sanction Would Not Undo The Remand .............16

IV.   THE DISTRICT COURT'S DECISION DECLINING TO
EXERCISE SUPPLEMENTAL JURISDICTION IS AN
APPEALABLE ORDER ..............................................................................17

V.   THIS APPEAL PROPERLY RESIDES IN THE FEDERAL
CIRCUIT ....................................................................................................19

CONCLUSION ....................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aevoe Corp. v. AE Tech Co., LTD.*,
727 F.3d 1375 (Fed. Cir. 2013) .......................................................................20

*In re Brady*,
2013 U.S. App. LEXIS 7264 (Fed. Cir. 2013) ..................................................13

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
556 U.S. 635 (2009).........................................................................1, 18, 19, 21

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988).........................................................................................11

*City of Waco v. United States Fidelity & Guaranty Co.*,
293 U.S. 140 (1934)...........................................................................................2

*Cohen v. Beneficial Industrial Loan Corp.*,
337 U.S. 541 (1949).......................................................................................3, 4

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978)...............................................................................4, 10, 16

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)...............................................................................14, 15, 16

*D'Ambrosio v. Chicago Truck Drivers, Helpers & Warehouse
Workers Union*,
1992 U.S. App. LEXIS 33740 (7th Cir. 1992) .................................................14

*Dieffenbach v. CIGNA, Inc.*,
310 Fed. Appx. 504 (3d Cir. 2009).................................................................14

*Eng'g & Insp. Servs., LLC v. IntPar, LLC*,
2013 U.S. Dist. LEXIS 146849 (E.D. La. Oct. 9, 2013) ...................................5

*First Nat'l Bank v. Genina Marine Servs., Inc.*,
136 F.3d 391 (5th Cir. 1998) .............................................................................2

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,
  527 U.S. 627 (1999) ........................................................................... 11

*Globetrotter Software, Inc. v. Elan Computer Group, Inc*.,
  362 F.3d 1367 (Fed. Cir. 2004) ............................................................ 5

*Harmston v. City & County of San Francisco*,
  627 F.3d 1273 (9th Cir. 2010) ............................................................ 14

*Heaton v. Monogram Credit Card Bank*,
  297 F.3d 416 (5th Cir. 2002) ................................................................ 4

*Hildebrand v. Steck Mfg. Co.*,
  279 F.3d 1351 (Fed. Cir. 2002) ..................................................... 5, 10

*John G. & Marie Stella Kenedy Mem. Found. v. Mauro*,
  21 F.3d 667 (5th Cir. 1994) .................................................................. 2

*Krauser v. Biohorizons, Inc.*,
  2014 WL 2490885 (Fed. Cir. June 4, 2014) ...................................... 20

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*,
  695 F.3d 1322 (Fed. Cir. 2012) .......................................................... 20

*Metropolitan Life Ins. v. Taylor*,
  481 U.S. 58 (1987) .............................................................................. 20

*Miranti v. Lee*,
  3 F.3d 925 (5th Cir. 1993) .................................................................. 15

*Morris v. T E Marine Corp.*,
  344 F.3d 439 (5th Cir. 2003) ................................................................ 2

*In re MPHJ Technology Investments, LLC*,
  No. 14-137, Doc. 2-1 at 11-15 (Fed. Cir. May 14, 2014) ...................... 5, 12, 13

*Palmer v. City Nat'l Bank*,
  498 F.3d 236 (4th Cir. 2007) ............................................................ 2, 9

*Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*,
  422 F.3d 72 (2d. Cir. 2005) ................................................................ 13

*Powerex Corp. v. Reliant Energy Servs.*,
    551 U.S. 224 (2007) ..................................................................................18, 19

*Quackenbush v. Allstate Ins. Co.*,
    517 U.S. 706 (1996) ...........................................................................................4

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
    148 F.3d 1355 (Fed. Cir. 1998) ........................................................................5

*Regan v. Starcraft Marine LLC*,
    524 F.3d 627 (5th Cir. 2008) .....................................................................2, 3, 4

*Ruhrgas Ag v. Marathon Oil Co.*,
    526 U.S. 574 (1999) .................................................................................*passim*

*Sanko S.S. Co. v. Galin*,
    835 F.2d 51 (2d Cir. 1987) ..............................................................................15

*Willy v. Coastal Corp.*,
    503 U.S. 131 (1992) .........................................................................................17

**Statutes**

28 U.S.C. § 1291 ...................................................................................................3, 4

28 U.S.C. § 1447(d) ................................................................................................1

# INTRODUCTION

Appellant MPHJ Technology Investments, LLC ("MPHJ" or "Appellant") respectfully submits this Opposition to the State of Vermont's Motion to Dismiss Appeal for Lack of Jurisdiction.

In its appeal, MPHJ raises three issues: (1) that the district court abused its discretion under *Ruhrgas* in deciding not to first consider personal jurisdiction; (2) that the district court abused its discretion in denying MPHJ's Rule 11 Motion; and (3) that the district court abused its discretion in permitting amendment of the original complaint and remanding the remaining claims back to state court over which it had supplemental jurisdiction.

The State's Motion relies solely on 28 U.S.C. § 1447(d) to argue that this Court lacks jurisdiction to hear MPHJ's appeal on any of these issues. But as to the first two issues, *Ruhrgas*, and Rule 11, § 1447(d) is not even relevant. These are collateral issues for which it is well-settled that review is permitted. As to the third issue, § 1447(d) is at issue, but here presents no bar for the reasons set forth by the Supreme Court in *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635 (2009).

Finally, the State contends this Court must defer to the district court's jurisdictional determination as determining this Court's jurisdiction, a position inconsistent with this Court's power to determine its jurisdiction. Indeed, the State concedes that issues are appealable from a remanded case, but insists this Court can never hear them. That is not the law, and is not the proper conclusion here.[1]

---

[1] The State makes many unsupported allegations about MPHJ's patent enforcement, and disingenuously characterizes its complaint. The State contends this case is about supposedly "deceptive statements," referring, for example, to

**ARGUMENT**

## I.    THE *RUHRGAS* AND RULE 11 ISSUES ARE INDEPENDENTLY REVIEWABLE

The State's entire Motion to Dismiss is premised on the contention that Section 1447(d) bars any appeal of any issue related to a remanded case. Plainly this is false. Any aspect of a judgment containing a remand order may be reviewed if two requirements are met. The issue must be "distinct and separable from the remand proper." *See, e.g., City of Waco v. United States Fidelity & Guaranty Co.,* 293 U.S. 140, 143 (1934); *Regan v. Starcraft Marine LLC*, 524 F.3d 627, 631 (5th Cir. 2008). And the issue must be finally decided, or be subject to an exception to the requirement for finality, such as the collateral order doctrine.[2] *See id.*; 28

---

MPHJ's reference to its proposed royalty as being "fair." But the State's Complaint goes much further, and asserts that it violates the VCPA for a patent owner to <u>ever</u> send a patent demand letter (or inquiry letter) to a company <u>below a certain size</u>. *See* State's Exh. 3 at ¶ 56(c). According to Vermont, each of the 50 states may decide their own cut-off for "too small" and patent owners may be sued for sending a demand letter to such companies because the claim does not assert invalidity or noninfringement, but only that the letter was sent to a party the state considers "too small" *ex post facto*. That is the State's ultimate goal – to create an environment where patent correspondence cannot be sent in Vermont at all. *See id.* at Request for Relief 2 (seeking "[a] permanent injunction requiring [MPHJ] to stop threatening Vermont businesses with patent-infringement lawsuits").

[2] It must be noted that numerous cases have predicated jurisdiction over an appeal solely upon satisfaction of the *City of Waco* separability criteria without superimposing the collateral order doctrine to create another hoop to jump through. *See, e.g., Morris v. T E Marine Corp.*, 344 F.3d 439, 444-45 (5th Cir. 2003); *First Nat'l Bank v. Genina Marine Servs., Inc.*, 136 F.3d 391, 394 (5th Cir. 1998); *John G. & Marie Stella Kenedy Mem. Found. v. Mauro*, 21 F.3d 667, 670 (5th Cir. 1994); *Palmer v. City Nat'l Bank*, 498 F.3d 236, 242-44 (4th Cir. 2007). *See also Regan,* 524 F.3d at 630-33 (explaining that the *City of Waco* and the collateral order doctrine are independent paths to appellate review). This Court may choose

U.S.C. § 1291; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

### A.    The *Ruhrgas* and Rule 11 Issues Are Distinct And Separable From The Remand Decision

An order is "separable" if it precedes the remand order "in logic and in fact" and is "conclusive." *Regan*, 524 F.3d at 631 citing *First Nat'l Bank*, 136 F.3d at 394. "[A] district court action is conclusive if 'it will have the preclusive effect of being functionally unreviewable in state court.'" *Id.* citing *City of Waco*, 293 U.S. at 142-43 (holding that the court of appeals had jurisdiction to review the dismissal even though the rest of the case was remanded in the same judgment).

Here it is clear that both the district court's decision to decide subject matter jurisdiction prior to personal jurisdiction, and its decision to deny MPHJ's Motion for Rule 11 sanctions, were both distinct and separable from the remand order. Obviously, the district court's decision not to decide personal jurisdiction before subject matter jurisdiction preceded the remand order. The same is true for the denial of MPHJ's sanctions motion. Further, both are unreviewable in state court – as the state court cannot go back and decide personal jurisdiction first before the case was remanded, and the state court, as further explained below, cannot decide whether the State violated Rule 11 for its filings in federal court. Accordingly, Section 1447(d) does not bar this Court from reviewing these issues on appeal.

### B.    The *Ruhrgas* And Rule 11 Issues Are Appealable As Final Or Under The Collateral Order Doctrine

Given that the *Ruhrgas* and Rule 11 rulings are separable from the remand

---

to do so as well and find that because the *Ruhrgas* and Rule 11 issues are separable from the remand decision, this alone evidences this Court's jurisdiction.

decision, they are appealable if they are considered "final" under 28 U.S.C. § 1291, or are otherwise appealable because of a doctrinal exception to finality, such as the collateral order doctrine. *See Regan*, 524 F.3d at 631; *Heaton v. Monogram Credit Card Bank,* 297 F.3d 416, 421 (5th Cir. 2002); *Cohen*, 337 U.S. at 546.

Here, an argument can be made that the decisions on both these issues are "final" and appealable under 28 U.S.C. § 1291.[3] However, as both issues are also appealable under the collateral order doctrine, MPHJ demonstrates this Court at least has jurisdiction on this basis, which is sufficient to defeat the State's Motion to Dismiss. *See Regan,* 524 F.3d at 631-32 (citing *Quackenbush* and *Cohen* to explain collateral order doctrine). In *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), the Supreme Court set forth three requirements that must be met for the doctrine to apply: "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Id.* at 468-69.

MPHJ demonstrates below that for each of the *Ruhrgas* and the Rule 11 issues, the collateral order doctrine is satisfied. For each of these issues, MPHJ also addresses the other jurisdictional arguments raised by the State.

## II.    THE DISTRICT COURT'S ABUSE OF DISCRETION IN DENYING MPHJ'S *RUHRGAS* MOTION TO FIRST DECIDE PERSONAL JURISDICTION IS APPEALABLE

The first issue appealed by MPHJ is the district court's denial of MPHJ's

---

[3] *See* 28 U.S.C. § 1291. Here, both the district court's denial of MPHJ's *Ruhrgas* motion and its Rule 11 motion may be considered final under § 1291 because they leave nothing for the district court to do. *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 714 (1996).

Motion under *Ruhrgas* to first decide the personal jurisdiction issue. The State's insistence that there is personal jurisdiction over MPHJ in Vermont violates MPHJ's rights to due process under the Fourteenth Amendment, and is yet another violation by Vermont of the rights of patent owners to constitutional protections defined by this Court. [4] This Court's jurisprudence is clear that sending patent demand letters (or here, infringement inquiry letters), is not sufficient to establish personal jurisdiction in the recipient state. *See* State's Exh. 8. *See also Hildebrand v. Steck Mfg. Co.,* 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,*148 F.3d 1355, 1361 (Fed. Cir. 1998). A federal judge has already agreed with MPHJ on this issue, and dismissed on personal jurisdiction grounds a case against MPHJ that asserted essentially the same false allegations of wrongdoing as Vermont makes here. *See Eng'g & Insp. Servs., LLC v. IntPar, LLC*, 2013 U.S. Dist. LEXIS 146849 (E.D. La. Oct. 9, 2013).[5]

Given these circumstances, where lack of personal jurisdiction is clear, and the subject matter jurisdiction issue is more complex, MPHJ filed a motion under the Supreme Court's *Ruhrgas* decision to have the personal jurisdiction issue

---

[4] The other violation, as explained in MPHJ's Petition for Writ of Mandamus, is the State's assertion of state law claims against patent enforcement activity while refusing to plead or prove objective baselessness, which violates MPHJ's constitutional rights under the First Amendment's "right to petition" clause. *See Globetrotter Software, Inc. v. Elan Computer Group, Inc*., 362 F.3d 1367, 1376 (Fed. Cir. 2004). *See also In re MPHJ Technology Investments, LLC*, No. 14-137, Doc. 2-1 at 11-15 (Fed. Cir. May 14, 2014).

[5] Vermont's only response on this issue is that it should be decided in Vermont state court, and that a Vermont state court will be free to ignore this Court's jurisprudence regarding the application of 14th Amendment due process rights as they relate to sending patent correspondence. *See* State's Exh. 9 at 11, n.3

decided first. *See* State's Exh. 8. As MPHJ will explain in its Opening Brief on appeal, here all of the factors considered in *Ruhrgas* are met,[6] and the district court's decision to not consider the personal jurisdiction issue first was an abuse of discretion.  In this case, that abuse of discretion raises enormous public policy concerns, as it puts at risk due process rights of patent owners, and the national uniformity of the patent laws, given that Vermont insists the state court will ignore this Court's jurisprudence and find personal jurisdiction. *See* State's Exh. 9 at 11, n.3 ("A Vermont state court would not be bound by Federal Circuit precedent . . . the Federal Circuit has not – and, indeed, cannot – create binding precedent that governs the analysis of personal jurisdiction for non-patent cases in state courts.").

The State argues that the denial of MPHJ's *Ruhrgas* motion is not appealable for three reasons: (1) the decision to decide subject matter jurisdiction prior to personal jurisdiction is not a "ruling"; (2) this Court lacks jurisdiction to review it because the decision is intertwined with the remand order and this Court cannot reverse that decision because doing so would "undo the remand"; and (3) the appeal is interlocutory and does not fall within the collateral order doctrine exception. The State is wrong on each of these points, as explained below.

---

[6] The Supreme Court in *Ruhrgas* made it clear that a district court faced with a remand motion based upon alleged lack of subject matter jurisdiction has the discretion to first decide personal jurisdiction if the inquiry question is straightforward. *Ruhrgas Ag v. Marathon Oil Co.,* 526 U.S. 574, 587 (1999). Indeed, in *Ruhrgas*, an *en banc* Fifth Circuit ruled 9-7 that subject matter jurisdiction had to be decided first, and remanded the case to state court. *Id.* at 582. The Supreme Court reversed this remand that had been made on subject matter grounds, and held that a district court does have discretion to hear personal jurisdiction first, and to dismiss on that basis. *Id.* at 583.

6

### A.     The District Court's Decision To Decide Subject Matter Jurisdiction Prior To Personal Jurisdiction Was A Ruling

The State argues that the denial of MPHJ's *Ruhrgas* motion is arguably not a ruling, but only a mere sequencing of jurisdictional issues. Doc. 12-1 at 13. Plainly this is wrong. Under *Ruhrgas*, it is clear the district court has discretion to first decide personal jurisdiction instead of subject matter jurisdiction, and should do so when the circumstances warrant. The district court's refusal to do so plainly is a decision to not exercise its discretion permitted by *Ruhrgas*, and that is a "decision" or a "ruling." Indeed, to contend that the decision to not decide personal jurisdiction is not a "ruling" is plainly contradicted by the procedural posture of the *Ruhrgas* case itself, where the Fifth Circuit was reversed for deciding the district court did not have discretion to first decide personal jurisdiction, and the Fifth Circuit had reversed and remanded to state court for lack of subject matter jurisdiction. *See Ruhrgas*, 526 U.S. at 580-82. Plainly, the denial of MPHJ's *Ruhrgas* motion is a "ruling." That "ruling" is appealable, as explained below.

### B.     The District Court's Decision Is Not Intertwined With An Unreviewable Remand Order, And A Decision In MPHJ's Favor By This Court Would Not "Undo The Remand"

The State argues that the district court's decision to decide subject matter jurisdiction first cannot be separated from its unreviewable decision to remand the case. Doc. 12-1 at 10. This is false. The *Ruhrgas* case itself makes it clear that personal jurisdiction and subject matter jurisdiction are distinct concepts, and that the question of whether to decide one of them before the other is itself an issue separate from the two distinct jurisdictional issues. Whether to decide the personal

7

jurisdiction issue first, is a distinct and separable decision from whether the district court has subject matter jurisdiction. As such, the *Ruhrgas* decision is easily separable from the subject matter remand decision.

The State also argues that this Court cannot consider whether the district court abused its discretion under *Ruhrgas*, because to do so would "undo the remand." Doc. 12-1 at 11. Again, this is false. The question of whether the district court should have decided personal jurisdiction first will not disturb the district court's decision that it lacked subject matter jurisdiction over the case. For example, this Court could order the district court to examine personal jurisdiction first. The district court could then find that there is personal jurisdiction over MPHJ,[7] but nevertheless maintain its decision that it lacks subject matter jurisdiction over the case. The remand would remain undisturbed. Even if the district court decided that there was no personal jurisdiction over MPHJ and dismissed the case without prejudice, the remand order, a separate order, would remain undisturbed and the State could bring its case in a state court that would have personal jurisdiction over MPHJ. Either way, a decision that the district court abused its discretion under *Ruhrgas* would not "undo the remand order," as the case would never land back in the district court – it would either be dismissed for lack of personal jurisdiction,[8] or it would be remanded with a finding of personal

---

[7] MPHJ believes this would be the wrong decision and contrary to well-settled law, but nevertheless presents this scenario as an example to show that the district court deciding the personal jurisdiction inquiry would not "undo" the remand order.

[8] Though the State may not like this result, it would not "undo" the remand.

jurisdiction over MPHJ. The remand order would remain unaffected.[9] Further, the *Ruhrgas* case itself precludes the position of the State here. If a remand to the state court precludes review of the decision not to decide personal jurisdiction first, *Ruhrgas* itself would not have been appealable. *See Ruhrgas*, 526 U.S. at 580-82.

The State is also incorrect in arguing that a decision by this Court that the district court abused its discretion in not deciding the personal jurisdiction question first would have no impact on the parties' substantive rights because the state court could decide personal jurisdiction. Doc. 12-1 at 12. The substantive rights requirement has been interpreted "to mean that the challenged order must have a preclusive effect in subsequent proceedings." *Palmer*, 498 F.3d at 243. As explained, the district court's decision to decide subject matter jurisdiction first cannot be revisited in state court, nor can it be appealed therefrom.[10] Thus, the court's *Ruhrgas* ruling has a conclusive effect on MPHJ's substantive rights.

Further, enormous public policy issues are at stake, as the State's position

---

[9] Further, the State is wrong that a decision by this Court on *Ruhrgas*, or on the underlying question of personal jurisdiction, would be "advisory." Doc. 12-1 at 12. The relief sought by MPHJ is that the district court abused its discretion in not first deciding personal jurisdiction. If the Court agrees, that plainly is not "advisory." Further, if this Court concludes the lack of personal jurisdiction is indisputable, a remand to the district court directing it to dismiss the case would similarly not be "advisory." This is the same relief granted by the Supreme Court in *Ruhrgas* even though the case had already been remanded by the Fifth Circuit to the state court.

[10] The reason the State has fought so hard to have its case heard in state court is because it believes that a state court will not follow the law of the federal courts, including this Court. *See* State's Exh. 9 at 11, n.3. And it is that law that has repeatedly held that a patentee cannot be subject to personal jurisdiction in a foreign state merely for sending patent related letters there. *See Hildebrand,* 279 F.3d at 1354. According to the State, a Vermont state court determining personal jurisdiction may choose to ignore this well-settled law. State's Exh. 9 at 11, n.3.

would mean that every state could decide for itself whether patent owners have due process protections under the Fourteenth Amendment, resulting in a mixed set of results that would undermine Congress' intent to have national uniformity in the patent laws, and to afford patent owners the right to enforce their patents.

### C.    The Collateral Order Doctrine Gives This Court Jurisdiction Over MPHJ's Appeal Regarding The District Court's Abuse Of Discretion Under *Ruhrgas*

The State argues, incorrectly, that MPHJ's appeal of the *Ruhrgas* decision does not fall within the collateral order doctrine. Doc. 12-1 at 13-14.  According to the State, "to the extent it is a ruling at all – [it] is an interlocutory order" that is unreviewable. Here the State is simply wrong. Here the order: (1) conclusively determined the disputed question; (2) resolved an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Coopers*, 437 U.S. at 468-69.

The State contends that the "district court did not 'conclusively' decide any issue other than its lack of subject-matter jurisdiction." Doc. 12-1 at 13. This is incorrect. The district court conclusively determined that it would decide subject matter jurisdiction first, and thus the first element of the test is met.

Second, the State argues that the district court's decision not to first decide personal jurisdiction is not an "important issue" because it "is a case-specific exercise of the very broad discretion afforded by *Ruhrgas*." *Id.* at 14. However, it is clear that if a district court has discretion to decide an issue that will determine the disposition of the case, such as here, whether there is personal jurisdiction over

a party, a court can abuse that discretion. This issue is undoubtedly "important," as it raises not only due process constitutional protections under the Fourteenth Amendment, but also directly threatens the national uniformity in the patent laws. That national uniformity was the goal of the Founders in including the patent clause in the U.S. Constitution, has been a goal of Congress for over 200 years, and was the very purpose for the creation of this Court.[11] The district court's decision to not decide a crystal clear personal jurisdiction issue and one that had already been decided in MPHJ's favor by a different federal court, both forces the parties to engage in further needless litigation over the State's frivolous case, and puts MPHJ at risk of having its constitutional rights violated in state court, if the state court does as the State says it will, and wrongly exercises personal jurisdiction over MPHJ. Clearly the second element of the collateral order doctrine is met.

Finally, the third element of the test is met, as the district court's abuse of discretion in deciding subject matter jurisdiction before personal jurisdiction is unreviewable from a final judgment. The State argues that the personal jurisdiction motion, after decided by a state court, will be reviewable on appeal. Doc. 12-1 at 13. The predicate issue on appeal with respect to personal jurisdiction, however, is not whether there is personal jurisdiction over MPHJ, but rather, whether the

---

[11] *See Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 648-51 (1999). Indeed, Congress created this Court to resolve conflicts in the national patent laws between the twelve regional circuits. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 813 (1988). It is clear Congress did not intend the nation's patent laws to be decided by the fifty different states. For example, Vermont's claim that sending a patent demand letter to a company that is "too small," threatens to create a chaotic set of immunities unique to each state.

district court abused its discretion in not deciding that issue first.[12] Clearly, once remanded, the state court cannot decide whether subject matter jurisdiction should have been decided first, and MPHJ cannot appeal that issue. Thus, the third element of the collateral order doctrine is met.

## III.    THE DISTRICT COURT'S ABUSE OF DISCRETION IN DENYING MPHJ'S RULE 11 MOTION IS APPEALABLE

The State argues that this Court lacks jurisdiction regarding the denial of MPHJ's Sanctions Motion for two reasons: (1) the court did not rule on the motion; and (2) this Court does not have jurisdiction to hear the appeal. Although MPHJ believes that it may appeal the district court's denial of its Rule 11 Motion, as explained below, MPHJ recognizes that there is a split of authority on this issue. Because of this uncertainty, MPHJ previously filed a Petition for Writ of Mandamus with the Federal Circuit. *See In re MPHJ Technology Investments, LLC*, No. 14-137, Doc. 2-1 (Fed. Cir. May 14, 2014). Should the Court agree that the denial of MPHJ's Motion is unappealable, it respectfully requests that the Court consider it for mandamus. *See, e.g., Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d. Cir. 2005); *In re Brady*, 2013 U.S. App. LEXIS 7264, at *1-2 (Fed. Cir. 2013). However, as explained below, MPHJ also notes that an appeal may be the proper course.

---

[12] In its Opening Brief, MPHJ will demonstrate that the district court abused its discretion in denying MPHJ's *Ruhrgas* motion. There clearly is no basis for personal jurisdiction here, as a different federal court already found. Further, it is indisputable that the personal jurisdiction question is less complex than the issue of subject matter jurisdiction, as the district court acknowledged at the hearing. Exh. A at 74 ("it's less complex . . . fair to say . . . It's simplified, right. So if you can limit your argument to five minutes or so, that should be adequate").

## A.    The District Court Denied MPHJ's Motion

As has been fully briefed by the parties with respect to MPHJ's Petition for Writ of Mandamus, it is clear that the district court denied MPHJ's Motion for Sanctions. The record is clear he did so in the hearing, but even if the State were correct that he did not,[13] he plainly did so in remanding the case, which effectively denied MPHJ's Motion as the state court cannot hear it.[14,15]

## B.    This Court Has Jurisdiction To Review The Denial Of The Sanctions Motion

The State argues that this Court has no jurisdiction to review the denial of MPHJ's Rule 11 Motion for three reasons: (1) a denial of the sanctions motion is interlocutory and does not fall within the collateral order doctrine exception; (2) to review the sanctions motion would require review of the merits of the State's Complaint; and (3) this Court cannot order the district court to dismiss the complaint because it would undo the remand. Doc. 12-1 at 15-18. As explained

---

[13] The State wrongly insists the district court did not deny the Motion. But if the State were correct, this does not end the issue. On Mandamus, this Court could decide the issue and remand to the district court for proceedings consistent with that decision. This Court could also direct the district court to decide the issue, and consider any appeal therefrom. The issue would not proceed in state court.

[14] These points have been fully explained by MPHJ. *See In re MPHJ Technology Investments, LLC*, No. 14-137, Doc. 12-1 at 1-3 (Fed. Cir. June 16, 2014).

[15] The State argues that MPHJ conceded that the Rule 11 issue can be decided in state court because MPHJ did not withdraw the motion at the initial state court scheduling conference. The Court can read the transcript and see that MPHJ's counsel made it clear that it believed the Rule 11 issue was properly before this Court. MPHJ will address this more fully in its response to the State's motion for judicial notice, which is being filed with this response. *See also In re MPHJ Technology Investments, LLC*, No. 14-137, Doc. 14 (Fed. Cir. June 23, 2014).

below, none of these reasons support that this Court does not have jurisdiction.

### 1.     A Denial Of The Sanctions Motion Is Appealable Under The Collateral Order Doctrine

The State's argument that a denial of a Rule 11 Motion in a remanded case is not reviewable on appeal is flatly not the law.[16] It is clear that "a Rule 11 motion for sanctions is 'uniquely separable' and collateral from a decision of the merits." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990) (a Rule 11 sanction is a collateral issue and "does not signify a District Court's assessment of the legal merits of the complaint"). *See also Dieffenbach v. CIGNA, Inc*., 310 Fed. Appx. 504, 506 (3d Cir. 2009). In *Cooter*, the Supreme Court held that "[l]ike the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action ... it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter,* 496 U.S. at 396.

The State's argument that this Court lacks jurisdiction to review MPHJ's motion because it is directed at the merits is unavailing. MPHJ is not asking the Court to dismiss the State's case for failure to state a claim. Rather, MPHJ seeks

---

[16] It must be noted that other courts have found that a decision on a Rule 11 motion is immediately appealable. *See, e.g., D'Ambrosio v. Chicago Truck Drivers, Helpers & Warehouse Workers Union*, 1992 U.S. App. LEXIS 33740, at *3 (7th Cir. 1992) (permitting appeal from a sanctions order pursuant to Rule 11 even though the district court remanded the case for lack of subject matter jurisdiction); *Harmston v. City & County of San Francisco*, 627 F.3d 1273, 1279 (9th Cir. 2010) (because "the remand order 'dissociated[d] [the district court] from the case entirely,' and surrendered the district court's jurisdiction to a state court, it should be considered final for purposes of allowing a party to appeal").

sanctions because, while in federal court, the State filed pleadings and took positions that wasted time and resources, all on a case that is frivolous by the State's own design and admission. Clearly this issue is separate from the merits.

Also, contrary to the State's assertions, whether the State's filings in federal court violated the Federal Rules is unreviewable on appeal from a final judgment in the state court. This is because, as explained *supra*, a state court cannot decide whether a party violated federal rules while in federal court. It is clear that the district court's denial of its Rule 11 sanctions motion is appealable pursuant to the collateral order doctrine. [17] *See, e.g., Sanko S.S. Co.*, 835 F.2d at 53 (Rule 11 sanctions appealable under the collateral order doctrine); *Miranti v. Lee*, 3 F.3d 925, 927 (5th Cir. 1993) (citing cases explaining that § 1447(d) does not bar appellate review of a sanctions order (even if the remand order is not reviewable)).

As noted, the *Coopers* test provides that the collateral order doctrine applies where the order: (1) conclusively determined the disputed question; (2) resolved an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand,* 437 U.S. at 468-69. As shown above, all of these factors are met here.

---

[17] The State cites *Cunningham* as support that the collateral order doctrine does not apply. However, that case is irrelevant here. First, the underlying case was proceeding in the district court when a Rule 37 discovery sanction was appealed, and there was the ability to seek review of that decision later. Here, the state court cannot decide Federal Rule 11 issues, and MPHJ has no other opportunity to obtain review of the district court's abuse of discretion. Importantly, the Second Circuit has concluded that Rule 11 sanctions are appealable pursuant to the collateral order doctrine. *Sanko S.S. Co. v. Galin,* 835 F.2d 51, 53 (2d Cir. 1987).

### 2.    A Review Of The Denial Of MPHJ's Motion Would Not Require A Review Of The Merits Of The State's Complaint

The State also contends that this Court may not review the district court's abuse of discretion in denying MPHJ's Rule 11 Motion because to do so requires reviewing the merits of the State's Complaint. But here the State simply confuses a review on the merits with a consideration of whether conduct has been sanctionable. A decision that a position in litigation is sanctionable, and awarding those sanctions, is well understood to be distinct from a decision and judgment on the merits. *See, e.g., Cooter*, 496 U.S. at 396. The many cases making it clear that Rule 11 issues are reviewable collateral issues plainly do not exclude from possible sanctionable activity the maintenance of frivolous positions.

### 3.    Dismissal As A Sanction Would Not Undo The Remand

The State attempts to rely upon the talisman of § 1447(d) to shield all of the district court's decisions from review. But *Ruhrgas* itself was decided in the context of a lower court having already remanded the case to state court on subject matter grounds, and yet, nevertheless, affirmed a dismissal on personal jurisdiction grounds. This was not "undoing" the remand decision, as the State suggests. Instead, it merely finds that the State has brought the case before a court that lacks personal jurisdiction. Whether the State may refile that case and keep it in some state court is not the issue presented here. In short, to decide the case is dismissible on grounds other than the subject matter jurisdiction issue decided by the remand does not contravene § 1447(d), as *Ruhrgas* makes clear.

The State argues that because MPHJ suggests dismissal is the proper

sanction, this Court lacks jurisdiction as the dismissal would "undo the remand." As explained, such a decision would not "undo the remand," it would simply be an appropriate sanction for the State's maintenance of its frivolous case. Even if the State were correct that dismissal was not a permissible sanction, this would not raise jurisdictional concerns, but only issues of the appropriate remedy. For example, the Supreme Court has affirmed an award of monetary sanctions for violations of Rule 11 in a case where the district court otherwise lacked subject matter jurisdiction. *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992).

## IV.  THE DISTRICT COURT'S DECISION DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION IS AN APPEALABLE ORDER

Only MPHJ's third point of appeal involves an appeal related to the Court's remand order.  MPHJ believes its appeal on this point is not barred by Section 1447, but it is important to note that even if this Court concludes otherwise, that decision would affect only MPHJ's appeal on this point. It would have no effect on MPHJ's appeals related to the *Ruhrgas* or Rule 11 issues.

As MPHJ will explain in more detail in its Opening Brief, the unusual circumstances of the court's remand decision make it clear that the remand is reviewable under the Supreme Court's decisions in *Carlsbad* and *PowerEx*.[18] The State may disagree that these apply, but that is an issue for the appeal briefing.

The district court in the hearing on the remand and personal jurisdiction motions concluded that the original complaint did present a federal question, but

---

[18] *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 636-37 (2009); *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 229 (2007).

based that conclusion on grounds that the second request for relief itself raised a federal question. *See* Exh. A at 8-13 & 22.  In a remarkable attempt to help one party over the other, the district court then proceeded to instruct the State that if it would amend its complaint to remove this second request for relief, then he could remand the rest of the case. *Id.* at 13-14 & 24-25.  He gave the State ten days to make this amendment. *Id.* at 67-68; Exh. B.

The State then filed a "conditional motion to amend." State's Exh. 14. In response, MPHJ made it clear that the court must first decide jurisdiction on the basis of the original complaint, and it was clear that the court had concluded the original complaint raised a federal question. State's Exh. 15. MPHJ then explained that the court could permit the amendment, but that even if the court felt the case remaining raised only state claims, it could retain supplemental jurisdiction. *Id.* at 15-19. MPHJ added that it should do so because of the important constitutional issues raised and because of the national uniformity in the patent laws. *Id.* MPHJ also noted that the discretionary remand was subject to appellate review. *Id.*

In response, the district court issued a remand order based on the complaint as if it had been amended, but referred to it as the "original complaint" so as to try to avoid review per § 1447. State's Exh. 2 at 19 n.4. In other words, the court simply took something "white" and called it "black" to make it appear it was remanding on the basis of the original complaint, rather than what the court actually did, which was amend the complaint and then abuse its discretion in declining to exercise supplemental jurisdiction.

One question in this appeal will be whether this Court may "look behind"

18

the district court's purported reasons for its decision, and consider the true reasons for the decision in considering whether the remand abused the court's discretion. The Supreme Court has expressly left open this question of whether an appellate court may "look behind" a district court's remand decision, which on its face appears to be based upon a ground that is unreviewable under § 1447(d), but in fact is instead based upon a ground that is reviewable.[19] MPHJ in this appeal will urge that the Court should resolve that open question and should "look behind" the district court's decision to prevent the abuse of MPHJ's constitutional rights that the State is imposing by virtue of its frivolous suit.

In summary, the issue regarding this point on appeal is that the district court in fact effectively amended the complaint, and remanded the remaining claims over which it had supplemental jurisdiction. This Court plainly has jurisdiction to hear the appeal on this point. The State's arguments merely go to the merits of this point, and do not show that this Court lacks jurisdiction to decide the issue.

## V.    THIS APPEAL PROPERLY RESIDES IN THE FEDERAL CIRCUIT

The State last argues that any appeal here must be heard in the Second Circuit, not this Court, because Section 1447(d) absolutely deprives this Court of the power to determine its own jurisdiction.[20] The State's position is that even if a

---

[19] *See Carlsbad*, 556 U.S. at 641; *Powerex*, 551 U.S. at 233-4 (noting that it is undecided whether appellate courts' may look behind the district court's characterization of its basis for remand, to instead look at the actual basis of the remand). The state argues that *Powerex* supports its position because in *Powerex* the district court never mentioned supplemental jurisdiction and the party did not assert it. Here, the opposite is true. *See* State's Exh. 15 at 15-19; Exh. A at 69-70.

[20] The State cites *Krauser v. Biohorizons, Inc.*, 2014 WL 2490885, at *5 (Fed. Cir. June 4, 2014) to support its argument for lack of jurisdiction. *Krauser* is inapposite

remanded case solely alleged patent infringement, and indisputably raised federal patent questions, any appealable collateral issues from that case could not be heard by this Court, because for this Court to review them would necessarily reveal the error in the district court decision. This position plainly is wrong. This Court is authorized to decide its own jurisdiction. *See, e.g., Aevoe Corp. v. AE Tech Co., LTD.*, 727 F.3d 1375, 1380 (Fed. Cir. 2013). Section 1447(d) does not permit a district court to assume that power. If this Court has jurisdiction under Section 1295(a)(1),[21] then it may decide any appealable issue in the case. To the extent Section 1447(d) bars review of a remand order itself means only that the remand decision could not be reversed. It does not affect this Court's power to hear otherwise appealable collateral issues.[22]

## CONCLUSION

Accordingly, for the foregoing reasons, MPHJ respectfully requests that this Court deny the State's Motion to Dismiss MPHJ's Appeal.

---

for two reasons. First, MPHJ's bases for jurisdiction include grounds independent of preemption. Second, MPHJ notes that *Krauser* cited to *Metropolitan Life Ins. v. Taylor*, 481 U.S. 58, 63 (1987) that "preemption is <u>ordinarily</u> a federal defense . . . and it does not appear on the face of a…complaint." (emph. added). This Court's law in *Matthews Int'l Corp. v. Biosafe Eng'g, LLC,* 695 F.3d 1322, 1332 (Fed. Cir. 2012) requires preemption (objective and subjective baselessness) to be pled as part of the complaint, and thus this case may present a situation where preemption is relevant to jurisdiction. MPHJ will explain this further in its Opening Brief.

[21] The State does not directly challenge that § 1295(a)(1) applies to give this Court jurisdiction, but relies solely on the argument that § 1447(d) bars this Court from even considering its own jurisdiction. MPHJ will establish in its Opening Brief that this Court does have jurisdiction under § 1295(a)(1).

[22] The Supreme Court confirms this Court has jurisdiction to hear appeals from remanded cases, which the State argues is impossible. *Carlsbad*, 556 U.S. at 636.

Dated: June 26, 2014                    /s/ *W. Bryan Farney*
                                        W. BRYAN FARNEY
                                        STEVEN R. DANIELS
                                        DAVID PAUL SWENSON
                                        FARNEY DANIELS PC
                                        800 South Austin Avenue
                                        Suite 200
                                        Georgetown, Texas 78626
                                        Telephone: (512) 582-2828
                                        Facsimile: (512) 582-2829
                                        BFarney@farneydaniels.com
                                        SDaniels@farneydaniels.com
                                        DSwenson@farneydaniels.com

                                        *Counsel for Defendant-Appellant*

## <u>CERTIFICATE OF INTEREST</u>

1.    The full name of every party represented by me is:

MPHJ Technology Investments, LLC.

2.    There are no other real parties in interest represented by me.

3.    MPHJ Technology Investments, LLC certifies that it has no corporate parent and there are no publicly held corporations that own 10% or more of its stock.

4.    The names of all the firms or lawyers that appeared for the party now represented by me in the trial court or are expected to appear in this court are as follows:

Bryan Farney, Steven R. Daniels, David P. Swenson, and Cassandra Klingman, Farney Daniels PC, 800 S. Austin Avenue, Suite 200, Georgetown, TX 78626;

Andrew D. Manitsky, Gravel & Shea PC, 76 St. Paul Street, 7th Floor, P.O. Box 369, Burlington, VT 05402-0369.


Dated: June 26, 2014                                    */s/ W. Bryan Farney*
                                                        W. Bryan Farney

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of MPHJ Technology Investments, LLC's Opposition to the State of Vermont's Motion to Dismiss Appeal for Lack of Jurisdiction was served upon counsel of record on June 26, 2014 by electronic means.

*/s/ W. Bryan Farney*
W. Bryan Farney
FARNEY DANIELS PC
800 South Austin Ave., Ste. 200
Georgetown, Texas 78626
(512) 582-2828
bfarney@farneydaniels.com